RECEIVED FILED

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT

SEP 01 2022

for the

EASTERN DISTRICT of

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

SEP 01 2022

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

J.C. COLLINS
_____
Petitioner

v.

WARDEN TRATE
_____
Respondent
(name of warden or authorized person having custody of petitioner)

)
)
)
)
)
)
)
)
)

Case No. 1:22cv01114HBK(HC)
(Supplied by Clerk of Court)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name: J.C. Collins
    (b) Other names you have used: Jason C. Collins
2.  Place of confinement:
    (a) Name of institution: United States Penitentiary Atwater
    (b) Address: P.O. Box 019001 Atwater Cal 95301

    (c) Your identification number: 23428-009
3.  Are you currently being held on orders by:
    ☒ Federal authorities      ☐ State authorities      ☐ Other - explain:

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide: Life without Parole
        (a) Name and location of court that sentenced you: Eastern District of ARKANSAS Central Division
        (b) Docket number of criminal case: 4:04 CR00141-10-JM
        (c) Date of sentencing: On August 22 2006
    ☐ Being held on an immigration charge
    ☐ Other (explain): _____

### Decision or Action You Are Challenging

5.  What you are challenging in this petition:
    ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example,
    revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❏ Pretrial detention

❏ Immigration detention

❏ Detainer

❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory
   maximum or improperly calculated under the sentencing guidelines)

❏ Disciplinary proceedings

☑ Other *(explain):*  The Warden's execution of my detention for
Life imprisonment

6.  Provide more information about the decision or action you are challenging:

   (a) Name and location of the agency or court: _____

   _____

   (b) Docket number, case number, or opinion number: _____

   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

   _____

   _____

   (d) Date of the decision or action: _____

### Your Earlier Challenges of the Decision or Action

7.  **First appeal**

   Did you appeal the decision, file a grievance, or seek an administrative remedy?

   ☑ Yes      ❏ No

   (a) If "Yes," provide:

      (1) Name of the authority, agency, or court: United States Courts of Appeals for the
      Eighth Circuit

      (2) Date of filing: May 17, 2007

      (3) Docket number, case number, or opinion number: 243 Fed. Appx. 193; 2007 U.S. App. Lexis 14139

      (4) Result: Denied

      (5) Date of result: June 14, 2007

      (6) Issues raised: District Court erred in denying his motion to suppress the currency
      seized both from his person and a Federal Express package addressed to him.

      _____

      _____

   (b) If you answered "No," explain why you did not appeal: _____

   _____

8.  **Second appeal**

   After the first appeal, did you file a second appeal to a higher authority, agency, or court?

   ☑ Yes      ☑ No

   No, second appeal was filed in my case.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: _____

    (2) Date of filing: _____
    (3) Docket number, case number, or opinion number: _____
    (4) Result: _____
    (5) Date of result: _____
    (6) Issues raised: _____

    _____
    _____
    _____
    _____
    _____

(b) If you answered "No," explain why you did not file a second appeal: _____

_____

9.    **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes        ☑ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: _____

    (2) Date of filing: _____
    (3) Docket number, case number, or opinion number: _____
    (4) Result: _____
    (5) Date of result: _____
    (6) Issues raised: _____

    _____
    _____
    _____
    _____
    _____

(b) If you answered "No," explain why you did not file a third appeal: _____

_____

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☑ Yes        ☐ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

    ☑ Yes        ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Name of court: *Eastern District of ARKANSAS*

(2) Case number: *SAME  4:04CR0014/-10*

(3) Date of filing: *MAY 12th 2008  order filed 10-20-08*

(4) Result: *evidentiary Hearing / Denied 2255*

(5) Date of result: *April 13th 2009*

(6) Issues raised: *ineffected assistance of counsel*

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes       ☒ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes       ☐ No

If "Yes," provide:

(a) Date you were taken into immigration custody: _____

(b) Date of the removal or reinstatement order: _____

(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes       ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

_____

_____

(d)    Did you appeal the decision to the United States Court of Appeals?

❑ Yes            ❑ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

❑ Yes            ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

_____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** *I am challenging my sentence being enhanced under 21 U.S.C. §851. (Please see the attached motion).*

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes          ☐ No

**GROUND TWO:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes          ☐ No

**GROUND THREE:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes          ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**

(a)  Supporting facts *(Be brief.  Do not cite cases or law.):*

(b)  Did you present Ground Four in all appeals that were available to you?
☐ Yes          ☐ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did
       not:

**Request for Relief**

15.  State exactly what you want the court to do:   I would like for my enhanced sentence
to be vacated. I would like to be resentenced without the use of the "now ruled"
unlawful predicates, that was used to enhance my sentence under 21 U.S.C. §851. I will
like to be sentenced as time served.

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:  8-25-2022

_Signature of Petitioner_

_Signature of Attorney or other authorized person, if any_

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| J. C. COLLINS, | ) | Crim. No. 4:04-CR-00141-10 |
| Petitioner, | ) | Civil No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN TRATE, USP ATWATER, | ) | |
| Respondent. | ) | |
| _____ | ) | |

MEMORANDUM OF POINTS AND AUTHORITY IN

SUPPORT OF MOTION UNDER 28 U.S.C. § 2241

COMES NOW, J.C. Collins, pro se, and moves this Court
for an order to vacate his mandatory life sentence under the
savings clause and Allen v. Ives, 950 F.3d 2242 (2016), on the
grounds that: (1) he's actually innocent of his mandatory life
enhancement, that was imposed pursuant to 21 U.S.C. §§ 841 and
851 because; (2) his prior aggravated assault is not a
categorical "violent felony" in light of Descamps v. United
States, 570 U.S. 254 (2013), Mathis v. United States, 136 S.
Ct. 2243 (2016), Borden v. United States, 141 S. Ct. 1817, and
United States v. Taylor, No. 20-1459
(2022). Collins is actually innocent of the section 851
enhancement, making the warden's execution of his detention
illegal.

As a preliminary matter, Collins respectfully requests

1

that this Court be mindful that pro se complaints are to be
held "to less stringent standards than formal pleadings
drafted by lawyer," and should therefore be liberally
construed. See Estelle v. Gamble, 429 U.S. 97 (1976); Haines
v. Kerner, 404 U.S. 519 (1972)(same).


I.   Summary Facts of Case


On February 2, 2006, Collins was found guilty of
conspiracy to possess with intent to distribute 500 grams or
more of methamphetamine, and several counts of money
laundering. On August 22, 2006, he was sentenced to the
statutory mandatory minimum of life in prison due to the
Government's filing of two 21 U.S.C. § 851 notices that
enhanced the sentence. Collins appealed and the judgment was
affirmed by the Eight Circuit in United States v. Collins, 243
Fed. Appx 193 (8th Cir. 2007). Collins habeas motion under 28
U.S.C. § 2255 was denied.


II. Standard of Review


As a general rule, "motion under § 2255 is the exclusive
means by which a federal prisoner may test the legality of his
detention." Stephens, 464 F.3d at 897. An exception to the
general rule, termed the § 2255(e) "escape hatch," permits a
federal prisoner to file a habeas corpus petition pursuant to
28 U.S.C. § 2241 to contest the legality of a sentence where
his remedy under § 2255 is "inadequate or ineffective to test
the legality of his detention." Hernandez v. Campbell, 204

2

F.3d 861, 864-65 (9th Cir. 2000)(quoting § 2255(e)). Recently, the Ninth Circuit held that a person may be "actually innocent" of an erroneous mandatory career offender sentence, opening the door for relief under the savings clause. See Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020).

Collins contends that under the Supreme Court's jurisprudence pronounced in Descamps, Mathis, Borden, and Taylor, California Penal Code, § 245(a) is (1) overly broad, (2) can be violated without the use, attempted use, or threatened use of physical force against the person of another, and (3) does not qualify as a categorical "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i) for the purpose of § 851 enhancement.

A.  Collins has made a prima facie showing to
     proceed under the savings clause


Generally, motions to contest the legality of a sentence must be filed under § 2255, Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000), but a federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention," Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). "[A] § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens v. Herrera, 464 F.3d

3

895, 898 (9th Cir. 2006)(citations omitted).

In Marrero v. Ives, 682 F.3d 1190 (9th Cir. 2012), the Ninth Circuit "left open the 'question whether a petitioner may ever be actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch.'" Allen v. Ives, 950 F.3d 1184, 1189 (9th Cir. 2020)(quoting Marrero, 682 F.3d at 1193). In Allen v. Ives, that question was answered in the affirmative. 950 F.3d at 1189-90. The Ninth Circuit held in Allen v. Ives that the defendant could establish actual innocence of the mandatory sentencing enhancement for the purposes of qualifying for the escape hatch. Shepherd v. Unknown Party, Warden, FCI Tucson, 5 F.4th 1075, 1077 (9th Cir. 2021)(citing Allen, 950 F.3d at 1188-89). In sum, the Ninth Circuit limits Allen's application to petitioners who received  mandatory sentence under a mandatory sentencing scheme. Shepherd, 5 F.4th at 1078.

III. Grounds for Relief

Collins contends that his prior felony under CPL § 245(a) is overly broad, and it is not a qualifying predicate to sustain his § 851 mandatory life imprisonment enhancement. As such, the warden's execution of Collins' mandatory life imprisonment detention is illegal.

A.  Aggravated assault is not a categorical
    violent felony in light of Borden and Taylor

The Ninth Circuit applies a three-step analysis to

4

determine whether a prior conviction under state law qualifies as a crime of violence for the purpose of sentencing enhancement. The first inquiry is whether the state law is a categorical match with a federal "crime of violence" offense. A crime of violence is an offense that "has as an element the use, attempted use or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(e)(2).

To determine whether a prior conviction qualifies as a violent felony for the purpose of § 851 enhancement, the court must match the violent felony definition in § 924(e)(2)(B)(i) with the elements of the prior conviction at issue. Section 924(e)(2)(B)(i) provides that violent felony means any crime...that has as an element the use, attempted use, or threatened use of physical force against the person of another.

California Penal Code, § 245(a) imposes criminal liability on "any person who commits an assault upon the person of another with a deadly weapon [or] instrument other than a firearm [or] by any means of force likely to produce great bodily injury." The statute thus requires two basic elements, the second is defined in the disjunctive: the defendant must have (1) committed an assault (2) using a deadly weapon or instrument or any other means of force likely to produce great bodily injury." The element of assault is defined in California Penal Code § 240 as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Cal. Penal Code § 240 (West 1995).

Under California law, assault can be accomplished through

5

"the least touching." People v. Rocha, 3 Cal.3d 893, 92 Cal.
Rptr. 172, 479 P.2d 372, 377, n.12 (Cal. 1971). California
courts have long interpreted the "violent injury" element in
criminal assault to require only the least touching  that is
unconsented or otherwise wrongful--such touching need not be
violent or severe. Colan Tuono, 865 P.2d at 709, n.4 (quoting
Rocha, 479 P.2d at 377, n.12). This would put section 245
beyond the reach of §924(e)(2)(B)(i) violent felony
definition, which requires that the force used be violent in
nature.


    B.   Section 245(a) is Overly Broad


    California Penal Code, § 245(a) criminalizes conduct
based on what might have happened -- and not what actually
happened -- the mental state for assault incorporates the
language of probability, i.e., direct natural, and probable
consequences. On the other hand, § 924(e)(2)(B)(i) requires
"use, attempted use, or threatened use of physical force" as
the elements of a violent felony. CPL § 245(a) requires "any
means of force..." An assault does not require actual harm or
even physical contact. See People v. Aguilar, 945 P.2d at 1207
(Cal. 1997). Because attempting to commit a crime under §
245(a) is same as committing the actual crime, § 245 is overly
broad. The overly broad elements of § 245(a) is similar to the
elements of "attempt," as explained in United States v.
Taylor, No. 20-1459 (2022).

    In Taylor, the Supreme Court ruled that an attempted
Hobbs Act robbery does not constitute a crime of violence

6

because it can be committed without the use, attempted use, or
threatened use of physical force against another. The Taylor
Court held that, "for the government to achieve a conviction
for an attempted Hobbs Act robbery, it must prove (1) the
defendant intended to commit Hobbs Act robbery, and (2) he
completed a substantial step." Id.

An example given in Taylor is that of a defendant intent
to rob a bank and conferred such information to a trusted
friend. The would-be bank robbery then secured the necessary
equipment (e.g. gun, note to teller) and took substantial
steps to accomplish his intent. However, his trusted friend
tipped off law enforcement and the would-be bank robbery was
intercepted before he entered the bank, and arrested for
attempted bank robbery. The Court said, because the would-be
bank robbery took a substantial step towards accomplishing his
intent to rob the bank--his actions has satisfies the elements
for "attempted bank robbery" but does not satisfies the
definition of "crime of violence" under § 924(c)(3)(B) force
clause.

Section 245(a) can be violated in similar fashion as the
would-be bank robber violated the federal bank robbery
statute, or as in Taylor, how Taylor could violate 18 U.S.C. §
1951(a)(Attempted Hobbs Act robbery). To violate § 245(a), a
defendant can encompass an intent to commit an assault, and
taking a substantial step towards the accomplishment of the
intended assault, without physically touching the person of
another--because the statute criminalizes both "what happened"
and "what might have happened," (e.g. a hypothetical theory).
As such, § 245(a)'s elements is overly broad, because it sets

7

out alternative means of committing the crime outside of the elements of § 924(e)(2)(B)(i). See United States v. Pimentel-Flores, 339 F.3d 959, 968 (9th Cir. 2003); Lorenzo v. Sessions, 902 F.3d 930 (9th Cir. Aug 29, 2018). Put differently, Section 245(a) is overly broad in relation to the generic definition for "violent felony" because it encompasses conduct that falls outside of § 924(e)(2)(B)(i). To reiterate, Section 245(a) can be violated without physically touching the person, and merely by what "could have happened."

    A.   Previous Ninth Circuit Precedents are clearly irreconcilable with Borden and Taylor

Previous Ninth Circuit precedents held that violations of §§ 245(a)(1) and 245(a)(2) are violent felonies. See United States v. Vasquez-Gonzalez, 901 F.3d 1060, 1066-70 (9th Cir. 2015)(per curiam). However, these prior precedents were decided before the Supreme Court's decision in Borden v. United States, 141 S. Ct. 1817 (2021), and United States v. Taylor, No. 22-    (2022).

These most recently pronounced authorities supports Collins' position that, today, § 245(a)(1) can be violated without the actual use, attempted use, or threatened use of physical force, thus is not a categorical "violent felony" under § 924(e)(2)(B)(i) for his § 851 enhancement. See Moncrieffe v. Holder, 569 U.S. 184 (2013). If the least way the state statute be violated does not constitutes use, attempted use, or threatened use of physical force, it does not qualify. It is without disputed that § 245(a) can be

violated without carrying out the elements in §
924(e)(2)(B)(i). The statute criminalizes acts such as "an
unlawful [attempt], coupled with a present liability, to
commit a violent injury on the person of another." Cal. Penal
Code, §240. This can be accomplished through "the least
touching." People v. Rocha, 3 Cal.3d 893, 92 Cal. Rptr. 172,
479 P.2d 372, 377, n.12 (Cal. 1971). It can also be violated
by unconsented touching, which need not be violent or severe.
Colan Tuono, 865 P.2d at 709, n.4. Lastly, § 245(a)
criminalizes conduct based on "what 'might have' happened--and
not what actually happened" because the mental state for
California assault incorporates the language of probability,
e.g. probable consequences. It would be a grave injustice to
uphold Collins mandatory life sentence on the theory of
probability, or probable consequences, or hypothetical. See
e.g. United States v. Grajeda, 581 F.3d 1186 (9th Cir.
2008)(emphasizing that the unlawful consequences of an assault
need not be specifically intended, the Colantuono court
concluded that "the necessary mental state is 'an intent
merely to do a violent act.'" (quoting People v. Hood, 1
Cal.3d 444, 82 Cal. Rptr. 618, 462 P.2d 370, 378 (Cal.
1969)).

Other Ninth Circuit cases addressing §245(a) did not
clearly resolve whether "recklessness" is enough to satisfy §
245(a). Acknowledging such problem, the Court in Grajeda fell
back on circuit precedent because Heron-Salinas had already
concluded that a violation of § 245(a) "requires proof of
sufficiently intentional conduct." Grajeda, 581 F.3d at 1197
(citing Heron-Salinas, 566 F.3d at 899). But Heron-Salinas had

already reached that conclusion because assault "naturally involves a person acting in disregard of the risk that physical force might be used against another in committing an offense." 566 F.3d at 899 (quoting Leocal v. Ashcroft, 543 U.S. 1 (2004). Thus, Heron-Salinas assumed, contrary to the Supreme Court's later decision in Borden, that a statute criminalizing merely reckless conduct could constitute a violent felony. Equally true here, is that sine Borden was decided in 2021, then just recently, Taylor that analyze "substantial steps in a crime of attempt, this issue hasn't been fully litigated in the Ninth Circuit where the Court has the privilege of applying these two Supreme Court cases.

This court should take the U.S. Supreme Court's recent decision in Taylor into consideration in adjudicating Collins claim herein. Taylor is supportive of Collins' argument on these grounds: (1) Taylor explained the elements of an attempt-crime, (2) which can be committed by a mere intent to commit the actual crime, (3) by taking substantial steps to accomplish the underlying crime, and (4) but need not use, attempted to use, or threatened to use physical force against the person of another--to be convicted of an attempt. Section 245 criminalizes not only assault with a dangerous weapon of any sort, but encompass the elements of "attempt."

To determine whether § 245(a) satisfies the criterion under § 924(e)(2)(B)(i) as a violent felony, this court must use the categorical approach--as was done in Taylor. Under that approach, "the facts of Collins' conduct are irrelevant." Borden v. United States, 141 S. Ct. 1817, 1822 (2021). The focus is instead on whether the elements of § 245(a) meet the

federal standard under § 924(e)(2)(B)(i), and this requires determining whether § 245 necessarily involves Collins' use, attempted use, or threatened use of physical force against the person of another. If any-even the least culpable-of the acts criminalized" by § 245(a) "do not entail that kind of force" such statute (§ 245(a)) "does not categorically match the federal standard, and so cannot serve as a § 851 predicate."

As argued above, the language in § 245 arguably implies an objective mental state whereas, the statute criminalizes not only what had occurred, but what "might have happened." That means, the statute (similar to the elements of an attempt-crime), can be violated if the person intended to assault another and took a substantial step towards that end without even touching the person. The statute also criminalizes unconsented and mere touching that is not violent. Section 245(a) can also be violated without intent. Most notably, § 245(a) has not been fully addressed in light of Borden and Taylor--two Supreme Court precedents that has strong bearing on § 245(a) categorical approach assessment.

B.   Actual Innocence

In Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020), the Ninth Circuit reached the question left open in Marrero and found that "Allen ha[d] made a claim of actual innocence that permits jurisdiction over his § 2241 petition." Id. at 1189. Specifically, Allen asserted that under Mathis and Descamps, which are retroactive, his prior Connecticut state conviction

was not a conviction for a predicate crime and thus, Allen is
actually innocent of a crime that would qualify him for career
offender status under the Sentencing Guidelines and is
actually innocent of the sentence that was imposed. Id. at
1188.

In finding that Allen had made a claim of actual
innocence that permits jurisdiction over his § 2241 petition,
the Ninth Circuit distinguished Marrero, where the
petitioner's claim "failed because his claim to actual
innocence was based on a non-retroactive interpretation of the
Guidelines, and he made no claim to factual innocence of the
crimes of which he had been convicted." Allen, 950 F.3d at
1190.

Allen is applicable in this instant case because
Collins's sentence is a statutory mandatory minimum life
sentence that rested on a prior conviction that is not a
categorically qualified predicate under Descamps, Mathis,
Borden, and Taylor.

C.  Unobstructed Procedural Shot

The remedy under § 2255 usually will not be deemed
inadequate or ineffective merely because a prior § 2255 motion
was denied, or because a remedy under that section is
procedurally barred. See Ivy, 328 F.3d at 1060. To determine
whether a petitioner never had an unobstructed procedural shot
to pursue his claim, the Court considers "(1) whether the
legal basis for petitioner's claim 'did not arise after he had
exhausted his direct appeal and first § 2255 motion;' and (2)
whether the law changed 'in any way relevant' to petitioner's

12

claim after that first § 2255 motion." Harrison, 519 F.3d at
960 (quoting Ivy, 328 F.3d at 1060-61). "An intervening court
decision must 'effect a material change in the applicable law'
to establish unavailability." Alaimalo, 645 F.3d at 1047. That
is, an intervening court decision must "constitute[] a change
in the law creating a previously unavailable legal basis for
petitioner's claim." Harrison, 519 G.3d at 961.

Descamps, Mathis, Borden, and Taylor were decided after
Collins filed his first § 2255. Thus, Collins has shown that
he did not have an unobstructed procedural shot to assert his
actual innocence claim. Based on the Supreme Court's decision
in Borden and Taylor (addressing elements of an attempted
crime), Collins is now able to argue that (1) the categorical
approach should apply to his aggravated assault statute, and
(2) his prior is not a "violent felony" in light of Borden
under the categorical approach. Collins has satisfied both
requirements such as: (1) he makes a claim of actual
innocence, and (2) has not had an unobstructed procedural shot
at presenting the claim. Stephens, 464 F.3d at 898.

## Conclusion

Accordingly, for all the foregoing, this Court should
allow Collins to proceed under § 2241 pursuant to the escape
hatch.

Respectfully submitted,

Dated: _8_/_25_/2022.

J.C. Collins

13