UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON C. COLLINS,<br><br>          Petitioner,<br><br>    v.<br><br>TRATE, Warden,<br><br>          Respondent. | 1:22 -cv-01114-HBK (HC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 3) |

      Before the court is Petitioner's motion to appoint counsel. (Doc. No. 3). Petitioner, a federal prisoner, has pending a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. No. 1). Petitioner requests the court to appoint counsel to represent him because he is unskilled, the issues in the case are complex, he does not have "access to the materials needed to argue these claims correctly" and he does not have access to "state law terminology and definitions" in federal prison, (Doc. No. 3).

      There is no automatic, constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require." *Id*. at § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Moreover, the *Rules Governing Section 2254 Cases*

*in the United States District Courts* require the court to appoint counsel: (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted. *Id*. at Rs. 6(a) and 8(c).

Based upon the record, the Court finds Petitioner has not demonstrated that appointment of counsel is necessary at this stage of the proceedings. Petitioner was able to file his habeas petition without the aid of counsel. Further, the Court does not find the circumstances of this case indicate that appointed counsel is necessary to prevent due process violations.

Accordingly, it is **ORDERED**:

Petitioner's motion for appointment of counsel (Doc. No. 3) is **denied without prejudice**.

Dated: September 6, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE