UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON C. COLLINS,<br><br>        Petitioner,<br><br>    v.<br><br>TRATE, Warden,<br><br>        Respondent. | Case No. 1:22-cv-01114-HBK (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [1]<br><br>(Doc. No. 10) |

    Petitioner Jason C. Collins ("Petitioner"), a federal prisoner, initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 while incarcerated in Atwater Penitentiary, located in Merced County, California, which is within the venue and jurisdiction of this Court. (Doc. No. 1, "Petition"). The Petition raises one ground for relief: Petitioner is actually innocent of his "mandatory life enhancement that was imposed pursuant to 21 U.S.C. §§ 841 and 851 because [] his prior [state conviction for] aggravated assault is not a categorical 'violent felony' in light of" *Descamps v. United States*, 570 U.S. 254 (2013), *Mathis v. United States*, 579 U.S. 500 (2016), *Borden v. United States*, 141 S. Ct. 1817 (2021), and *United States v.*

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1). (Doc. No. 13).

*Taylor*, 142 S. Ct. 2015 (2022).  (*Id.* at 9).  Respondent filed a Motion to Dismiss the Petition on the basis that the Court lacked jurisdiction to review the § 2241 petition because the "escape hatch" of 28 U.S.C. § 2255 does not apply.  (Doc. No. 10, "Motion").  Respondent attaches portions of the record from Petitioner's court of conviction and Petitioner's previous filings.  (Doc. No. 10-1).  After being granted an extension of time to file an opposition, Petitioner filed a response indicating that he would "stand firm on [his Petition] and would like to move forward with a 'ruling.'"  (Doc. No. 17).  For the reasons set forth more fully herein, the Court grants Respondent's Motion to Dismiss.

## I. BACKGROUND

### A. Procedural History

Petitioner, a federal prisoner, is serving a life sentence for conspiring to distribute 500 grams or more of methamphetamine, and 20 years each for four counts of money laundering and one count of conspiracy to launder illicit drug proceeds ordered to run concurrent with the life sentence, that was imposed after a jury trial by the United States District Court for the Eastern District of Arkansas ("EDAR") on August 23, 2006.  *See United States v. Washam et al.*, 4:04-cr-00141-JM-10, Crim. Doc. Nos. 288, 732 (E.D. Ar.)[2]; Doc. No. 19 at 89.  Prior to trial, the United States filed notice pursuant to 21 U.S.C. § 851 to seek enhanced sentencing through 21 U.S.C. § 841(b)(1)(A).[3]  Crim. Doc. No. 547.

Petitioner's conviction and sentence were affirmed on direct appeal by the United States Court of Appeals for the Eighth Circuit on June 14, 2007.  Crim. Doc. No. 788; *United States v. Collins*, 243 Fed. App'x 193 (8th Cir. 2007).  On April 13, 2009, the EDAR denied Petitioner's motion to vacate his sentence under 28 U.S.C. § 2255; and the Eighth Circuit denied his application for a certificate of appealability on January 4, 2010.  Crim. Doc. Nos. 823, 849.  On

---

[2] The undersigned cites to the record in Petitioner's underlying EDAR criminal case as "Crim. Doc. No. __."

[3] As noted by Respondent, "the § 851 enhancement only changed the sentence minimum.  In other words, even without a § 851 enhancement for qualifying priors, a life sentence remained the maximum possible advisory guidelines sentence."  (Doc. No. 10 at 2 (citing 21 U.S.C. §§ 841(b)(1)(A)(viii), 846 (the penalties for a violation of §§ 841(a), 846 involving "500 grams or more of a mixture or substance containing a detectable amount of methamphetamine" is "a term of imprisonment which may not be less than 10 years or more than life."))).

May 14, 2013, the EDAR denied Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), and the Eighth Circuit affirmed the district court decision on August 6, 2013. Crim. Doc. Nos. 900, 901, 907. In 2015, Petitioner filed a motion to reduce his sentence, which was denied by the EDAR court of conviction and affirmed by the Eighth Circuit. Crim. Doc. Nos. 915, 916, 928. In 2019, Petitioner filed a § 2255 motion to vacate his sentence because the marijuana conviction that served as a predicate offense for his career offender enhancement under the sentencing guidelines had since been vacated, which was denied by the EDAR as an improper second or successive motion filed without prior authorization from the Eighth Circuit. Crim. Doc. Nos. 935, 936. In 2020 and 2021, Petitioner filed multiple unsuccessful post-conviction motions under the First Step Act and 18 U.S.C. § 3582. Crim. Doc. Nos. 941, 943, 954, 955, 963, 964.

## II. APPLICABLE LAW AND ANALYSIS

### A.  § 2241 Petition

Generally, a § 2241 petition is reserved for federal prisoners challenging "the manner, location, or conditions of a sentence's execution." *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). Federal prisoners seeking to challenge the legality of their confinement must do so through a § 2255 motion. *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). In limited circumstances, federal prisoners may challenge the legality of their confinement through a § 2241 petition by utilizing the so-called "savings clause" or "escape hatch" provision of § 2255(e). *Id*. at 1192. This portal permits a federal prisoner to challenge the legality of confinement if he can establish that the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). To demonstrate a remedy is "inadequate or ineffective" a petitioner must: (1) make a claim of actual innocence, and (2) show that he has not had an "unobstructed procedural shot at presenting that claim." *Shepherd v. Unknown Party, Warden, FCI Tucson*, 54 F.4th 1075, 1076 (9th Cir. 2021). A prisoner cannot circumvent the limitations imposed on successive petitions by restyling his petition as one under § 2241. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (petitioner attempted to circumvent AEDPA's successive motion provisions by

bringing § 2255 claims in a § 2241 petition).

A factual claim of actual innocence requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Stephens*, 464 F.3d at 898 (citing *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)).  Here, Petitioner does not dispute the validity of his underlying convictions for conspiring to distribute methamphetamine, money laundering, and conspiracy to launder illicit drug proceeds.  Instead, Petitioner argues that because his prior conviction for aggravated assault[4] is not a categorical "violent felony" in light of *Borden* and *Taylor*, he is actually innocent of his "mandatory life enhancement" imposed pursuant to §§ 841 and 851. (Doc. No. 1 at 12-21).  This argument is unavailing for several reasons.

First, Petitioner's reliance on *Borden* and *Taylor* as support for his contention that his prior aggravated assault felony conviction is "not a qualifying predicate to sustain his § 851 mandatory life imprisonment enhancement" is misplaced.  In *Borden*, the Supreme Court held that a criminal offense that requires only a *mens rea* of recklessness cannot count as a "violent felony" under the elements clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). 141 S. Ct. 1817, 1834.  In *Taylor*, the Supreme Court held that attempted Hobbs Act robbery does not qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A) because no element of the offense requires proof that the defendant used, attempted to use, or threatened to use force. 142 S. Ct. 2015, 2016.  However, Petitioner was not sentenced pursuant to the ACCA, 18 U.S.C. § 924(e), under which a person who has three or more prior convictions for a "violent felony" or serious drug offense is subject to a mandatory fifteen-year minimum sentence; nor was Petitioner convicted or sentenced under 18 U.S.C. § 924(c), under which an additional penalty may be imposed on a person who is convicted of using or carrying a firearm in relation to any

---

[4] The "aggravated assault" conviction Petitioner references is California Penal Code § 245(a), which imposes criminal liability on "any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm" and "any person who commits an assault upon the person of another by any means of force likely to produce great bodily injury." (Doc. No. 1 at 11-19); Cal. Pen. Code §§ 245(a)(1), (4).  As noted by Respondent, and discussed *supra*, "Petitioner's advisory guidelines sentence was not driven by a California state assault prior under CPC § 245(a) determined to be a predicate under 21 U.S.C. § 851 statutory mandatory sentence provisions." (Doc. No. 10 at 4).

crime of violence or drug trafficking crime, or possessing a firearm in furtherance of a federal drug trafficking offense or crime of violence. Petitioner was convicted under 21 U.S.C. § 846 for conspiracy to distribute 500 grams or more of methamphetamine, 18 U.S.C. 1956(a)(1)(A)(i) for four counts of money laundering, and 18 U.S.C. § 1956(h) for conspiracy to launder drug proceeds; and Petitioner was sentenced according to the advisory United States Sentencing Guidelines ("USSG"). Crim. Doc. No. 732; Doc. No. 19 at 82-90. Thus, Petitioner cannot state a claim of actual innocence based on *Borden* and *Taylor*.

Second, Petitioner argues that he asserted a claim of actual innocence that permits jurisdiction over his § 2241 based on *Allen v. Ives*, 950 F.3d 1184 (2016), because his "sentence is a statutory mandatory minimum life sentence that rested on a prior conviction that is not a categorically qualified predicate under *Descamps*, *Mathis*, *Borden*, and *Taylor*."[5] (Doc. No. 1 at 20). In *Allen*, the petitioner argued that because one of his underlying convictions was not a predicate crime for career offender status under newly decided and retroactive Supreme Court case law (*Mathis v. United States*, 579 U.S. 500 (2016), *Descamps v. United States*, 570 U.S. 254 (2013)), he was actually innocent of being a career offender. The Ninth Circuit agreed, concluding that if petitioner's predicate conviction for career offender status under the mandatory sentencing guidelines no longer qualified as such, then the factual predicate for petitioner's mandatory sentencing enhancement did not exist. Petitioner Allen was sentenced under the pre-*Booker*[6] mandatory sentencing framework in effect at the time of his sentencing.

However, in *Shephard* the Ninth Circuit limited its holding in *Allen* to petitioners who "received a mandatory sentence under a mandatory sentencing scheme." *Shephard*, 5 F.4th at 1077. Here, unlike *Allen*, Petitioner was sentenced within a discretionary guideline range, not a mandatory sentencing scheme, and the EDAR acknowledged its discretion at the sentencing

---

[5] Respondent argues that Petitioner "has not made any claim that is based on *Mathis* or *Descamps* (i.e., a claim that EDAR incorrectly treated a prior conviction – driving imposition of a statutory minimum mandatory sentence – as divisible)." (Doc. No. 10 at 5 (also noting that "[i]n fact, *Mathis* and *Descamps* do not address U.S.S.G. § 4B1.1 or advisory USSG adjustments in offense level.")). The Court agrees. Petitioner has not made a claim of actual innocence that would permit jurisdiction under the escape hatch provision of § 2255(e) based on these Supreme Court cases.
[6] *U.S. v. Booker*, 543 U.S. 220 (2005).

5

hearing but nonetheless found life imprisonment "reasonable under all the circumstances, and [] the only sentence that is fair for everyone concerned." (Doc. No. 19 at 207-09 (noting the court is "not obligated any longer to sentence within the guideline range, but when we calculate the guideline range for [Petitioner], it goes off the chart, both in terms of the offense and in terms of the criminal history category.")). The EDAR did not order Petitioner to serve a statutory minimum mandatory sentence pursuant to § 851, "[i]n fact, even though [Petitioner] was a career offender under U.S.S.G. § 4B1.1, his advisory guidelines sentencing offense level with adjustments was so high his prior convictions had no impact. In other words, based on the EDAR sentencing court's discretion in applying advisory guidelines adjustments ([Petitioner's offense level was 46, i.e. base offense level 38 for drug quantity, plus 2 levels for money laundering offenses, plus 4 levels for leader/organizer, and plus 2 levels for threats to kill witnesses inter alia during trial proceedings), [Petitioner's] adjusted advisory U.S.S.G. range included life imprisonment." (Doc. No. 10 at 3 (citing Doc. No. 19 at 15-16, 82-83)).

Thus, Petitioner cannot show that he is actually innocent of his life sentence under the advisory guidelines; and he fails to make a claim of actual innocence as required by the escape hatch provision of § 2255(e). *See Thompson v. United States*, 2023 WL 2874167, at *5 (E.D. Cal. Apr. 10, 2023) (finding petitioner failed to make a claim of actual innocence because he did not show he received a mandatory sentence under a mandatory sentencing scheme); *Wilson v. Thompson*, 2022 WL 815334, at *4 (E.D. Cal. Mar. 17, 2022) (finding escape hatch unavailable to petitioner because "his predicate state court convictions which triggered his career offender status did not require the court to impose a sentence mandated by statute. Rather, petitioner was sentenced within a sentencing range, not pursuant to a mandatory sentencing statute.").

Petitioner additionally argues he has not had an unobstructed procedural shot to raise his claim because *Descamps*, *Mathis*, *Borden*, and *Taylor* were decided after he filed his first § 2255. (Doc. No. 1 at 21). However, because Petitioner has failed to demonstrate he is actually innocent, the Court need not address the "unobstructed procedural shot" prong of the escape hatch. *See Wilson v. Thompson*, 2022 WL 815334, at *4 (E.D. Cal. Mar. 17, 2022) *(citing Nichols v. Ciolli*, 2021 WL 3563092, at *3 (E.D. Cal. Aug. 12, 2021)); *Renderos v. Langford*, 2019 WL 1789879,

at *4 (C.D. Cal. Apr. 24, 2019); *Nguyen v. Babcock*, 2012 WL 3756864, at *2 (E.D. Cal. Aug. 28, 2012) ("The court need not address whether petitioner had an unobstructed procedural shot at pursuing his claim because, even assuming that he did not, he has failed to show that he is actually innocent.").

Based on the foregoing, Petitioner has failed to satisfy the escape hatch criteria of § 2255, and this court lacks jurisdiction over the § 2241 petition.  Because Petitioner has not been granted leave by the Court of Appeals to file a successive § 2255 motion, it would be futile to transfer the § 2241 petition to the EDAR for consideration as a § 2255 motion.

Accordingly, it is **ORDERED**:

1. Respondent's Motion to Dismiss (Doc. No. 10) is GRANTED and the Petition is dismissed.
2. The Clerk of Court is directed to terminate any pending motions and close this case.

Dated:     May 24, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE